513 A.2d 1037

**Ethleen BRISSETT**

v.

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY and Allstate Insurance Company.**

**Appeal of SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY.**

Superior Court of Pennsylvania.

Argued Dec. 18, 1985.

Filed Aug. 11, 1986.

Stephen S. Dittmann, Philadelphia, for appellant.

James M. Marsh, Philadelphia, for appellee.

Before BROSKY, McEWEN and HESTER, JJ.

McEWEN, Judge:

We here consider an appeal from an order in which preliminary objections in the nature of a demurrer filed by Allstate Insurance Company ("Allstate") were sustained and the complaint filed by appellant Southeastern Pennsylvania Transportation Authority ("SEPTA") was dismissed. SEPTA raises but one issue for our consideration on appeal, namely, whether, under *Modesta v. SEPTA,* 503 Pa. 437, 469 A.2d 1019 (1983), a self-insurer must provide uninsured motorist coverage to an insured passenger who has received basic loss benefits under a separate policy. We affirm.

The facts are not disputed and the distinguished Judge Ethan Allen Doty has in his able opinion provided an apt summary of the events which give rise to this appeal:

> On December 20, 1982, plaintiff, Ethleen Brissett, sustained personal injuries when the SEPTA bus in which she was a passenger was involved in an accident with a

motor vehicle driven by an unidentified individual. At the time of this accident, plaintiff resided in the same household as her son, who was insured under a policy issued by additional defendant, Allstate. Consequently, plaintiff applied for and subsequently received basic loss benefits from Allstate, pursuant to the provisions of the Pennsylvania No-Fault Act.[1]

On April 13, 1984, plaintiff instituted the present action against SEPTA, seeking recovery of uninsured motorist benefits. SEPTA filed a complaint joining Allstate as an additional defendant, claiming that it was responsible for the payment of any uninsured motorist benefits due to plaintiff. Allstate responded by filing preliminary objections in the nature of a demurrer seeking dismissal of SEPTA's Complaint. This motion was granted by Order of this Court dated October 19, 1984.

The standard of review to be applied to an order which sustains preliminary objections in the nature of a demurrer is well-settled:

> All material facts set forth in the complaint as well as all inferences reasonably deducible therefrom are admitted as true for [the purposes of this review.] *Clevenstein v. Rizzuto*, 439 Pa. 397, 266 A.2d 623 (1970). The question presented by the demurrer is whether on the facts averred the law says with certainty that no recovery is possible. *Hoffman v. Misericordia Hospital of Philadelphia*, 439 Pa. 501, 267 A.2d 867 (1970). Where doubt exists as to whether a demurrer should be sustained this doubt should be resolved in favor of overruling it. *Birl v. Philadelphia Electric Co.*, 402 Pa. 297, 167 A.2d 472 (1960).

*Mahoney v. Furches*, 503 Pa. 60, 66, 468 A.2d 458, 461–462 (1983), *quoting Vattimo v. Lower Bucks Hospital, Inc.*, 502 Pa. 241, 244, 465 A.2d 1231, 1232–1233 (1983). *Accord: Kyle v. McNamara & Criste*, 506 Pa. 631, 634, 487 A.2d

1. Act of July 19, 1974, P.L. 489, No. 176, Art. I, Section 101, *et seq.*, 40 P.S. Section 1009.101, *et seq.* Repealed. Act of February 12, 1984, P.L. 26, No. 11. (Effective October 1, 1984).

814, 815 (1985); *Judge v. Allentown and Sacred Heart Hospital Center,* 506 Pa. 636, 639, 487 A.2d 817, 818 (1985). *See also: Baker v. Magnetic Analysis Corp.,* 347 Pa.Super. 188, 192, 500 A.2d 470, 472 (1985).

■ The Allstate policy under which Ms. Brissett is an insured contains an "excess coverage" clause which states that in the event that an insured is injured while occupying a vehicle not owned by the Allstate policyholder, Allstate will not be liable for payment of uninsured motorist payments until coverage available under other policies is exhausted. The pertinent clause provides:

If the injured person was occupying a vehicle you do not own which is insured for this coverage under another policy, this coverage will be excess. This means that when you are legally entitled to recover damages in excess of the other policy limit, we will pay the amount by which the limit of liability of this policy exceeds the limit of liability of that policy.

SEPTA contends that Allstate is primarily responsible for paying the uninsured motorist benefits to its insured and that this "excess coverage" clause is an impermissible attempt by Allstate to evade its statutorily imposed obligation to provide its insured with uninsured motorist coverage.

We cannot accept the contention of SEPTA since the Pennsylvania Code authorizes the precise type of "excess coverage" clause contained in the Allstate policy:

7. Other Insurance. With respect to bodily injury to an insured while occupying an automobile not owned by the principal named insured, the insurance under this endorsement shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit or liability for this coverage exceeds the applicable limit of liability of such other insurance. Except as provided in the foregoing paragraph, if the insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed

not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable for a greater proportion of any loss to which this Coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance.

\* \* \* \* \* \*

31 Pa.Code § 63.2 (Exhibit C).[2] Thus it is seen that the "excess coverage" clause in the Allstate policy conforms to the statutory scheme regarding priority of payments in those instances where there is more than one available source for uninsured motorist coverage.

■ SEPTA concedes that under *Modesta, supra,* self-insurers are required to provide uninsured motorist coverage to injured passengers who are uninsured, but argues that self-insurers are *not* required to provide uninsured motorist coverage to insured passengers. We differ. Our Supreme Court in *Modesta, supra,* determined that a self-insurer was required to provide the substantial equivalent of uninsured motorist coverage. *Modesta, supra* 503 Pa. at 445, 469 A.2d at 1024. The requirement that self-insurers provide uninsured motorist coverage or its equivalent was imposed to alleviate the situation where uninsured passengers injured in a self-insured vehicle were unable to obtain uninsured motorist benefits. *Id.,* 503 Pa. at 443 n. 5, 469 A.2d at 1023 n. 5. As a self-insurer, however, SEPTA is required to provide the *equivalent* of uninsured motorist coverage and, therefore, will be treated under the law as though it had in place a policy of insurance providing uninsured motorist coverage. "[T]he sole purpose of self-insurance is to relieve the self-insurers of the burden of expending their assets on insurance premiums; self-insurance is not a

---

2. **§ 63.2. Extent of coverage to be offered.**
   (a) The extent of the coverage which shall be offered as "Uninsured Motorists Coverage" shall be at least that coverage contained in the sample form attached hereto as Exhibit C and made a part of this section, which is the National standard form for this insurance. 31 Pa.Code § 63.2(a).

means by which self-insurers may avoid the claims of those individuals for whose protection the insurance laws have been enacted." *Id.,* 503 Pa. at 441, 469 A.2d at 1022.[3]

■ The hearing court ruled that the uninsured motorist coverage provided by SEPTA was the "other policy" for the purposes of the "excess coverage" clause in Allstate's policy. *Modesta, supra,* and the Pennsylvania Code required such a ruling. Thus, SEPTA is the party primarily liable for the recovery of such uninsured motorist benefits as may be determined to be due this claimant. Therefore, the hearing judge properly sustained the preliminary objections and dismissed the complaint of SEPTA alleging that Allstate was solely liable to the claimant for uninsured motorist benefits.

Order affirmed.

3. We note that had this claim been made under the new *Motor Vehicle Financial Responsibility Law,* 75 Pa.C.S. § 1701 *et seq.,* the priority for recovery of uninsured motorist benefits where multiple policies are present, that is, where coverage is available under more than one policy, would be the same as provided under the Allstate policy in question. Uninsured motorist benefits would first be paid from a policy covering the vehicle occupied by the injured person at the time and only after that source is exhausted would benefits be paid from a policy covering a motor vehicle not involved in the accident but under which the injured person is an insured. *See* 75 Pa.C.S. § 1733.