514 A.2d 646

John O. Vartan *v.* Stephen R. Reed et al. William Keisling and Harristown Development Corporation, Appellants.

Argued May 15, 1986, before Judges BARRY and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Francis B. Haas, Jr.*, with him, *F. Murray Bryan* and *Stephen A. Moore, McNees, Wallace & Nurick,* for appellants.

*Joseph A. Klein,* with him, *Jack Hardy, Patrick T. Ryan, John Chesney, Elaine J. James* and *Bonnie A. Barnett, Drinker, Biddle & Reath,* for appellee.

OPINION BY JUDGE BARRY, August 28, 1986:

William Keisling and Harristown Development Corporation (appellants) appeal from an order of the Court of Common Pleas of Dauphin County which enjoined the defendants below (the City of Harrisburg and its Mayor, Stephen R. Reed, the Harrisburg Redevelopment Authority and its Chairman, Bernard Hammer, and Harristown Development Corporation and its Executive Vice-President William Keisling) from acquiring or attempting to acquire the property of John O. Vartan (appellee) by eminent domain, and ordered that appellee is entitled to use and develop his property, subject only to zoning restrictions applicable in zone PB2. We reverse the trial court.

The Harrisburg Redevelopment Authority was created pursuant to the Urban Redevelopment Law (Law), May 24, 1945, P.L. 991, *as amended,* 35 P.S. §1702. This Law created authorities for the public purpose of eliminating blighted areas through economically and socially sound redevelopment in conformity with the comprehensive general plan of the respective municipalities for residential, recreational, commercial, industrial or other purposes. Such purposes were declared to be public uses for which property may be acquired by the exercise of the power of eminent domain.

To implement the purpose of this Law, in addition to the Harrisburg Redevelopment Authority, the Harristown Development Corporation was created, a nonprofit corporation which was a prime mover in the redevelopment purpose. The Harrisburg Redevelopment Authority, the City of Harrisburg, and the Harristown Development Corporation entered into a cooperative agreement to further implement the plan of development.

Pursuant to the Urban Redevelopment Law, an area certified as a redevelopment area, known as the Harristown Urban Renewal Plan (plan), was adopted by the City Council on *October 8, 1974*. The plan called for new zoning regulations in the plan area. Business districts and office buildings with parking facilities were to be the central pivots designed to stimulate retail and commercial activities. The redevelopment plan has been amended about seven times since its inception. In the meantime, much redevelopment in the area had taken place.

In August, 1984, appellee purchased 222-226 Chestnut Street and 225-235 Blackberry Street, both located in this renewal area, which was zoned PB1 by the plan. The trial court found as a fact that when appellee purchased this property he knew or should have known that applicable PB1 zoning regulations prohibited construction of a building in excess of 100 feet in height, and with a maximum floor area ratio of 5 to 1, and that the property was on an urban renewal plan for acquisition for use as a parking garage.

On August 9, 1984, appellee announced publicly that he intended to build a 15 story office building on the site, contrary to the urban renewal plan and contrary to PB1 zoning regulations. On August 29, 1984, appellee was advised by the Harristown Development Corporation that it had advised the Harrisburg Redevel-

opment Authority to notify appellee of its intention to acquire his property by condemnation. On September 21, 1984, appellee filed a complaint in equity against all three agencies, the City of Harrisburg, the Harrisburg Redevelopment Authority and the Harristown Development Corporation, seeking to enjoin the proposed condemnation of his property. Appellee argued that the zoning regulations were invalid as applied to his property, because the application of the regulations was based on bad faith of the agencies.

The trial court concluded that there is no adequate remedy at law because the remedy afforded by the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P. L. 84, *as amended,* 26 P.S. §§1-101-1-903, is effectively non-existent because it does not afford relief for threatened takings as opposed to improperly accomplished takings, and that equity remains the remedy where bad faith is alleged. The trial court further concluded that there is no present or future need of appellee's property, and that the threatened taking of appellee's property was for the purpose of protecting potential private redevelopers of projects sanctioned by the defendants below from competition with appellee. Therefore, the trial court held that the taking was not for a public purpose. The trial court issued an order enjoining the defendants below *from acting in concert* and from attempting to acquire appellee's property by eminent domain. The trial court's order also directed that appellee is entitled to redevelop his property subject only to zoning restrictions applicable in zone PB2. PB2 zoning carries no height restriction, and has a minimum floor area ratio of 5 to 1.

The City of Harrisburg and the Harrisburg Redevelopment Authority have withdrawn their motions for post-trial relief, leaving the Harristown Development Corporation, and its Vice-President William Keisling as

the only appellants. The governmental agencies announced that they would not exercise the power of eminent domain and that appellee could develop in accordance with PB2 zoning. Since this was the subject matter of the trial court's order, appellants contend that the matter is now moot. They argue that since the City of Harrisburg and the Harrisburg Redevelopment Authority have "made their deal with the plaintiff", a dispute no longer exists. They contend that the case must be dismissed, and the underlying decision (here the judgment appeal from and the underlying adjudication, *Decree Nisi* and order) must be vacated—to prevent the judgment from spawning any legal consequences. However, because we find that the trial court had no jurisdiction to act in equity, the trial court's order is void and of no effect. Therefore, it is not necessary to reach the issue of mootness.

It has uniformly been held that equity does not have jurisdiction to enjoin a condemnation, whether or not a declaration of taking has been filed; and that preliminary objections shall be the exclusive method of challenging the right or power to condemn. Section 406 of the Code, 26 P.S. §1-406; *G.C. Murphy Co. v. Redevelopment Authority*, 458 Pa. 219, 326 A.2d 358 (1974); *Valley Forge Golf Club v. Upper Merion Township*, 422 Pa. 227, 221 A.2d 292 (1966); *Faranda Appeal*, 420 Pa. 295, 216 A.2d 769 (1966); *Clearview Land Development Co., Inc. v. Kassab*, 24 Pa. Commonwealth Ct. 532, 357 A.2d 732 (1976).

In *Ramad Realty Corp. v. Springettsbury Township Sewer Authority*, 10 Pa. Commonwealth Ct. 1, 309 A.2d 80 (1973), and in *St. Catherine Church v. The Mountaintop Area Joint Sanitary Authority*, 58 Pa. Commonwealth Ct. 181, 427 A.2d 726 (1981), this court did afford the appellant the option of filing an equity action, *not for the purpose of testing the validity,*

*propriety, power or right to condemn, but rather to force the Authority to proceed with proper condemnation proceedings.* Thus, this court implicitly recognized that the proper method of attacking the power or right to condemn is by preliminary objection in an eminent domain proceeding.

In *Cass Plumbing and Heating Co. v. PPG Industries, Inc.,* 52 Pa. Commonwealth Ct. 600, 416 A.2d 1142 (1980), a complaint in equity was filed to enjoin a redevelopment project. While the appeal to this court was pending, a declaration of taking was filed. This court held that under such circumstances, objections could now be raised in the eminent domain proceeding. Here again, the court indicated that absent the declaration of taking, equity was an available remedy *for the purpose of forcing the governmental agency to proceed with proper condemnation.*

In the present case, appellee was not seeking the assistance of a court of equity to compel condemnation, thereby allowing him to challenge the propriety of the taking under the code. Rather, he is attempting to enjoin the condemnation, a result clearly not permitted under the case law, which holds that equity has no jurisdiction to entertain such a request. We, therefore, believe the trial court erred refusing to dismiss the complaint on these grounds.

Reversed.

## ORDER

NOW, August 28, 1986, the August 14, 1985 order of the Court of Common Pleas of Dauphin County, No. 4409 Equity 1984, is reversed and the matter is remanded with directions to dismiss the complaint.

Senior Judge KALISH concurs in the result only.