WETTICK, J.,
Defendant’s motion for summary judgment is the subject of this opinion and order of court.
Plaintiff was injured in an accident between a PAT bus on which she was riding and another vehicle. Neither plaintiff nor any member of her household owned a vehicle which is required to be registered under the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701 et seq. Consequently, plaintiff is entitled to look to PAT to provide those benefits available under the Motor Vehicle Financial Responsibility Law.
The accident between the bus and the other vehicle was caused by the negligence of the driver of the other vehicle. Plaintiff has received the policy limits of $50,000 from the other driver’s insurance carrier. Plaintiff alleges that her compensable damages in tort exceed $50,000. In the present case, she has brought a lawsuit against PAT for $15,000 for the underinsured motorist’s coverage provided for in 75 Pa.C.S. §§1731-1736.
PAT is self-insured. It contends that a self-insurer has no obligation under the Motor Vehicle Financial Responsibility Law to provide underinsured motorist’s coverage. In support of its position, PAT relies on 75 Pa.C.S. §1787(a) which reads as follows:
“(a) General rule — Self-insurance is effected by filing with the Department of Transportation, in satisfactory form, evidence that reliable financial arrangements, deposits, resources or commitments *663 exist such as will satisfy the department that the self-insurer will:
“(1) Provide the benefits required by section 1711 (relating to required benefits), subject to the provisions of Subchapter B (relating to motor vehicle liability insurance first-party benefits), except the additional benefits and limits provided in sections 1712 (relating to availability of benefits) and 1715 (relating to availability of adequate limits).
“(2) Make payments sufficient to satisfy judgments as required by section 1774 (relating to payments sufficient to satisfy judgments).
“(3) Provide uninsured motorist coverage up to the limits set forth in section 1774.”
PAT contends that the absence of any reference to underinsurance benefits in section 1787(a) means that a self-insurer is not required to provide unde-rinsurance benefits.
The Pennsylvania Motor Vehicle Financial Responsibility Law allows any applicant for registration of a vehicle to comply with the financial responsibility requirements of the act by obtaining motor vehicle liability insurance or by meeting the self-insurance requirements of 75 Pa.C.S. §1787. See 75 Pa.C.S. §§1781-1782. The Motor Vehicle Financial Responsibility Law also requires every motor vehicle liability insurance policy to provide underin-sured motorist coverage. 75 Pa.C.S. §1731.
Since any owner of a vehicle can comply with the financial responsibility requirements of the act by either obtaining motor vehicle liability insurance or by meeting the self-insurance requirements of section 1787, there would be no reason for the legislature to differentiate between the benefits that an injured third party will receive on the basis of the selection that the owner made. Consequently, we *664 are unwilling to reach such a conclusion in the absence of a clear and unambiguous statement by the legislature that it intended such a result. See Jones v. Travelers’ Insurance Co., 356 Pa. Super. 213, 514 A.2d 576 (1986), quoting Modesta v. SEPTA, 503 Pa. 437, 469 A.2d 1019 (1983):
“ ‘[T]he sole purpose of self-insurance is to relieve self-insurers of the burden of expending their assets on insurance premiums; self-insurance is not a means by which self-insurers may avoid the claims of those individuals for whose protection the insurance laws have been enacted.’ ”
This same result was reached with respect to uninsured motorist’s coverage. Modesta, supra. See also, Brissett v. SEPTA, 355 Pa. Super. 508, 513 A.2d 1037 (1986), and Jones v. Travelers’, supra. In Brissett the Pennsylvania Superior Court stated:
“As a self-insurer, however, SEPTA is required to provide the equivalent of uninsured motorist coverage and, therefore, will be treated under the law as though it had in place a policy of insurance providing uninsured motorist coverage.”
The only provision that PAT cites in support of its position is 75 Pa.C.S. §1787. There is no merit to PAT’s contention that section 1787’s failure to mention underinsurance benefits is a clear expression of the legislature’s intention to exempt self-insurers from paying underinsurance benefits. This provision does not address the obligations of a self-insurer to pay the benefits described in the Motor Vehicle Financial Responsibility Law. It only addresses the issue of which potential payments the Department of Transportation shall consider in determining whether the owner seeking a self-insurance status has provided sufficient evidence that reliable financial arrangements, deposits, resources, and commitments exist. The evidence that would establish a self-insurer’s ability to provide uninsured motorist *665 coverage would also establish its ability to pay underinsured motorist coverage. Furthermore, a person who recovers damages under uninsured motorist coverage cannot recover damages under un-derinsured motorist coverage for the same accident. 75 Pa.C.S. §1731(d). Consequently, in all likelihood the legislature did not mention underinsurance benefits in section 1787 because the requirement that the self-insurer have sufficient resources to pay uninsured motorist claims fully protects persons with underinsured motorist claims.
Finally, we rely on the case law holding that this legislation must be liberally construed — that we should find coverage unless “ ‘equally strong legal or equitable considerations to the contrary are present.’ ” Tubner v. State Farm Mutual Automobile Insurance Co., 280 Pa. Super. 38, 421 A.2d 392 (1980), aff'd. 496 Pa. 215, 436 A.2d 621 (1981). See Persik v. Nationwide Mutual Insurance Co., 382 Pa. Super. 29, 554 A.2d 930 (1989), which held that like its predecessor statute (the No-fault Act of July 19, 1974) the Pennsylvania Motor Vehicle Financial Responsibility Law is to be liberally construed.
ORDER
On this January 4, 1991, it is hereby ordered that defendant’s motion for summary judgment is denied.