Behrend, Appellant, v. Yellow Cab Company.

Argued March 23, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Mark B. Aronson,* for appellant.

*Richard S. Dorfzaun,* with him *Dickie, McCamey & Chilcote,* for appellee.

OPINION BY MR. JUSTICE POMEROY, November 12, 1970:

By a power of attorney dated October 17, 1968, one Walton C. Warman retained Mark B. Aronson, Esquire, and Kenneth W. Behrend, Esquire, the appellant, both lawyers, to prosecute a claim in trespass for

damages against the Yellow Cab Company, the appellee, in consideration of Warman's agreement to pay to Aronson and Behrend forty per cent of any sum realized by settlement, suit or otherwise. Thereafter, Warman allegedly released Yellow Cab from all liability in return for $1,000 and Yellow Cab's promise to pay on Warman's behalf all medical and related expenses and "reasonable attorney's fees." Following Warman's settlement with Yellow Cab, Behrend, as plaintiff, brought this suit in trespass, alleging that Yellow Cab had tortiously induced Warman to breach his contract with Behrend; Behrend was represented in this action by his partner, Aronson. The appellee filed preliminary objections to Behrend's initial complaint, the complaint was amended, and appellee filed preliminary objections in the nature of a demurrer, contending that the complaint failed to state a claim upon which relief could be granted.

After argument before the court *en banc,* the amended complaint was dismissed without leave to amend by order dated December 2, 1969, one judge dissenting. The court *en banc* determined that there was no basis to appellant's action, because the appellant had specifically averred in his complaint that the defendant had promised to pay Warman's reasonable counsel fees as part of its settlement. Thus, in the court's view, the appellee had recognized the validity of the appellant's contract with Warman to furnish legal services. Rather than inducing a breach of contract or representing to Warman that the power of attorney was invalid or that he had no obligation to Behrend, appellee, by appellant's allegations, had recognized and assumed the obligation created by Warman's contract.

Following the action of the court *en banc,* appellant petitioned another judge of the Common Pleas Court of Allegheny County for leave to file a second proposed

amended complaint, copy of which was attached to the petition as an exhibit. The judge, by order entered December 19, 1969, denied plaintiff's petition, reasoning that the matter had already been determined by the court *en banc* in its final order of December 2, 1969.

The appeal before us purports to be not only from the order of the court below dated December 2 but also from its order dated December 19, 1969. The only appeal properly before us, however, is that from the order of December 2 which sustained defendant's demurrer and dismissed plaintiff's complaint, as amended.[1] Appellant does not contend that the court acted incorrectly in sustaining defendant's demurrer, and in our view such a contention could not succeed. The power of attorney running from Warman as client to Messrs. Behrend and Aronson as attorneys did not deprive Warman of the power to settle any claims he had against Yellow Cab. See *Wahl v. Strous,* 344 Pa. 402, 25 A. 2d 820 (1942) ; Restatement 2d, Agency, §449 (1958).[2] It provided only that Messrs. Behrend and Aronson should be entitled to "forty per cent (40%) of any sum realized by settlement, suit or otherwise." Appellant's first amended complaint alleged that Yellow Cab promised to pay, on Warman's behalf, reasonable counsel fees. This is not an allegation of a tortious inducement of breach of contract, but rather

---

[1] To the extent that the appeal is from the order of December 19 denying appellant's petition for leave to file an amended complaint, it is interlocutory and will be quashed. *Stadler v. Mt. Oliver Borough,* 373 Pa. 316, 95 A. 2d 776 (1953).

[2] In *Wahl v. Strous, supra,* at p. 406, the Court stated: "Settlements are favored by the law, which, therefore, frowns upon arrangements whereby a client would need his attorney's permission to settle a suit, and it is immaterial that the attorney may be interested in the sense of his compensation being contingent upon the result of the litigation or settlement."

of an acceptance of Warman's contractual burden by
Yellow Cab. As such, it might provide a basis for a
claim by appellant for attorney's fees owed him pur-
suant to the power of attorney, but it does not support
a claim in tort for damages, punitive or otherwise.

The undertaking as to counsel fees is the sole con-
tractual duty imposed upon Warman by the terms of
the power, and Warman's payment of that fee would
complete his performance of the contract. By the same
token, appellee's assumption and payment on War-
man's behalf of appellant's lawful fee would complete
Warman's performance of the contract. The payment
of the fee, therefore, cannot be equated, as the dissent-
ing opinion attempts to do, to payment of damages for
some unidentified breach of contract; there is no
breach of contract indicated by the pleading, and no
question of damages.

Appellant's position, as stated in his brief, is that
he "has filed this appeal asking . . . for leave to file
and proceed upon the proposed Amended Complaint."
Amendment of a complaint should be freely allowed,[3]
and a claim ought not be jeopardized by minor defects
in pleading or technical errors of counsel. But liberali-
ty of pleading does not encompass a duty in the courts
to allow successive amendments when the initial plead-
ing indicates that the claim asserted cannot be estab-
lished. The view of the court *en banc* that the instant
case presented such a claim was fully warranted in
view of the pleadings then of record; it is further con-
firmed by the plaintiff's proposed second amended com-
plaint which was prepared subsequent to and with the
benefit of the majority and dissenting opinions of the

---

[3] Rule 1033 of the Pennsylvania Rules of Civil Procedure pro-
vides that "[a] party, either by filed consent of the adverse party
or by leave of court, may at any time . . . amend his pleading."

*court en banc.*[4]  That proposed complaint contains the allegation that the defendant Yellow Cab "promised Walton C. Warman that his obligation under written agreement with plaintiff would be discharged by them." If anything, this is a more explicit undertaking to take care of Warman's counsel fee liability than that set forth in the pleading before the court *en banc.* An action for tortious inducement of breach of contract could not be maintained in the face of such an allegation.

The dissenting opinion relies upon *Richette v. Pennsylvania R.R.,* 410 Pa. 6, 187 A. 2d 910 (1963), in support of the proposition that the acts alleged in the proposed second amended complaint constituted a tortious inducement of breach of contract. In *Richette,* the plaintiff alleged, and proved to the satisfaction of the jury that the defendant had by acts of coercion induced the donor of a power of attorney to revoke that power and to breach his obligation under it to pay his attorney one-third of any sum realized by settlement or suit. In that case there was no suggestion that the defendant assumed the donor's contractual burden as to counsel fees, and *Richette* is therefore manifestly distinguishable from the case at hand.

We conclude that the lower court did not err in sustaining defendant's preliminary objection in the nature of a demurrer and in dismissing appellant's complaint without leave to amend.

---

[4] In adverting to the terms of the proposed second amended complaint, we do not sanction directly or by implication the procedure followed by appellant. The appellant made no attempt to amend his complaint at the hearing on appellee's demurrer or prior to the decision of the court *en banc;* the filing of a petition for leave to amend *after* the entry of a final appealable order by the court *en banc* is not authorized by any rule of procedure and was unwarranted under the circumstances.

The order of December 2, 1969 is affirmed. To the extent that this appeal is from the order of December 19, 1969, the appeal is quashed.

DISSENTING OPINION BY MR. JUSTICE O'BRIEN:

I do not agree with the conclusion of the majority that "the initial pleading indicates that the claim asserted cannot be established." I cannot, of course, quarrel with the decision of the majority of the court en banc to sustain the demurrer in view of the pleadings then on file. Nor can I disagree with the majority's statement of disapproval of the procedure followed by appellant. In view of the fact, however, that I believe that a cause of action can be made out and that the proposed second amended complaint makes out such a cause of action, I am loath to prevent its proper determination in view of the fact that appellee would in no wise be prejudiced by reaching the substantive issue.

In *Quaker City v. Delhi-Warnock*, 357 Pa. 307, 53 A. 2d 597 (1947), we said that "where there appears a possibility of recovery under a better statement of the facts an opportunity to file an amended [complaint] must be granted." In the instant case the majority of the court en banc concluded and the majority of this court concludes that appellant's two unsuccessful attempts to state a cause of action indicate that there is "no reasonable ground to believe that a second amended complaint would rectify" the basic deficiencies and they, therefore, refuse to allow leave to amend the complaint. I am in agreement with the dissenting judge of the court en banc, who concluded that appellant should be given leave to amend because the facts indicated that a properly drafted complaint could distinguish appellant's situation from that in *Wahl v. Strous*, 344 Pa. 402, 25 A. 2d 820 (1942). That case

is cited in the opinion of the majority, but as indicated above, the instant case could by proper pleading be distinguished therefrom. In *Wahl* we said:

"Plaintiff produced no evidence tending to prove that the railroad company procured or attempted to procure any breach of the contract between him and his clients. *It did not, in order to induce her to settle, tell her not to pay her attorney, nor did it misrepresent to her what her obligations were in that regard.* An action for interference with another's contract is, in a way, analogous to the old action for alienation of affections, in which, of course, there was no liability if the affections, though lost, were not alienated by the alleged tortfeasor.

"Plaintiff apparently labors under the impression that the mere negotiation of a settlement directly with his clients made the company liable to him. Probably it is now more difficult for him, as a practical matter, to secure the payment of the fees to which he may be entitled, but his power of attorney did not, either expressly or by implication, limit the right of Mrs. Strous and her son to settle their claim. Even though an agent's compensation is made contingent upon his success in accomplishing the purpose of his agency, the principal does not thereby restrict his own right to transact the business for which the agent was employed: Restatement, Agency, Section 449." (Emphasis supplied.)

In appellant's second proposed amended complaint, he urges that the cab company "with malice towards [appellant] wrongfully used threats, promises and assurances . . . to Walton C. Warman to cause him to wrongfully breach his written agreement with [appellant]."

The complaint then alleges specifically that the cab company's claims manager, a cousin of Walton C. War-

man, threatened Warman with family ostracism if he did not breach his written agreement with appellant, that appellee's claim manager knew Warman was suffering from chronic alcoholism and threatened to use this knowledge to Warman's harm and detriment if he did not breach his written agreement with appellant, and that the appellee knew Warman was under the influence of alcohol when he was enticed into entering into the release agreement and into breaking his written agreement with appellant.

The appellee admits that these new averments, not contained in appellant's previous amended complaint, now distinguish this case from *Wahl*. The proposed amended complaint for the first time introduces averments of coercion and intimidation, which, if true, as admitted by appellee's brief, would bring the case within the ambit of *Richette v. Pennsylvania. R.R.*, 410 Pa. 6, 187 A. 2d 910 (1963).

However, the appellee contends that the complaint is still defective because the appellant avers in Paragraph 13 of the proposed amended complaint that: "13. Defendant promised Walton C. Warman that his obligation under written agreement with plaintiff would be discharged by them and defendant directed Walton C. Warman not to honor his written agreement with plaintiff."

According to appellee, with whom the court en banc majority and the majority of this court agreed, this averment constitutes an admission by appellant that appellee voluntarily recognized appellant's right to be paid a fee by Warman and that, without an averment and proof that appellee represented to Warman that he was under no obligation to pay a fee to appellant, appellant cannot establish a cause of action based on an intentional interference by appellee with the con-

tractual relationship existing between appellant and Warman.

The mere fact that the appellee agreed to pay reasonable counsel fees, which in effect is a recognition by it of a valid power of attorney, does not absolve it of responsibility for inducing the breach of contract between lawyer and client. A statement of willingness to pay damages does not negate wrongdoing.

According to appellant's first amended complaint, the appellee only assumed to pay "reasonable counsel fees," which term was not defined. Warman's obligation was to pay "forty per cent of any sum realized by settlement, suit or otherwise," whether or not appellee thought such fees were "reasonable." If appellee told Warman that its payment of what it alone defined as "reasonable fees" to appellant would satisfy Warman's obligation to appellant, it was engaging in a deception.

Moreover, in *Richette v. Pennsylvania R.R., supra,* we allowed a recovery of punitive damages where the facts established coercion inducing the breach of an attorney-client relationship. Such facts might be present in this case, although this cannot be ascertained except by proof at trial. In any event, the offer by appellee to pay "reasonable counsel fees" would not necessarily absolve appellee of the culpability for which such punitive damages would be imposed.

Accordingly, this case is exactly the kind of case to which the rule enunciated in *Quaker City v. Delhi-Warnock, supra,* should apply, to wit: "Where there appears a possibility of recovery under a better statement of the facts an opportunity to file an amended statement of claim must be granted."

I would reverse the judgment of the court below and remand the record with directions to allow the filing of a second amended complaint.

Mr. Justice ROBERTS joins in this dissent.