J-A12024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CHARLES ANTELL, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| FIRST NIAGARA BANK, N.A. | |
| | No. 2273 EDA 2015 |

Appeal from the Order July 8, 2015
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2014-30419

BEFORE:  BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.*

MEMORANDUM BY PANELLA, J.                    **FILED SEPTEMBER 30, 2016**

Appellant, Charles Antell, appeals from the order entered in the Montgomery County Court of Common Pleas, sustaining the preliminary objections of Appellee, First Niagara Bank, N.A., and dismissing Appellant's complaint with prejudice. We affirm.

The relevant facts and procedural history as taken from the certified record are as follows. In 2006, Appellant entered into a mortgage loan agreement with Harleysville National Bank & Trust Company. Thereafter, the loan was sold to the Federal Home Loan Mortgage Corporation ("Freddie Mac"), and Appellee acquired Harleysville National Bank rendering Appellee the servicer of Appellant's mortgage loan. In 2012, Appellant stopped making loan payments because Appellee would not disclose to Appellant the

_____

* Former Justice specially assigned to the Superior Court.

owner of his loan. On March 21, 2013, Appellant filed a *pro se* complaint in federal district court. The district court allowed Appellant to amend his complaint multiple times in order to understand what Appellant alleged, but ultimately dismissed the complaint with prejudice because the court found Appellant had failed to state a claim for relief and found further amendment would have been futile. Subsequently, Appellant mailed four written requests to Appellee seeking information on who owned his loan and the fees added to his principal mortgage loan amount. Appellee responded to Appellant's request stating the owner of the loan is Freddie Mac and indicating the fees added to Appellant's mortgage loan amount were legal fees and costs, which stemmed from the federal litigation.

On November 17, 2014, Appellant filed a *pro se* complaint in state court alleging Appellee committed intentional misrepresentation, violated Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL")[1] and committed tortious interference with a contractual relationship. Appellant's complaint also alleged a count for a quiet title claim. Appellee filed preliminary objections arguing that Appellant's tort claims were barred by the gist of the action doctrine; he failed to plead harm in each of the tort claims; he failed to plead intentional misrepresentation with specificity; and he failed to conform the quiet title claim to the Pennsylvania

---

[1] 73 P.S. § 201-1 *et seq*.

Rules of Civil Procedure. Appellant filed a memorandum of law in opposition to Appellee's preliminary objections on February 24, 2015.[2] On July 8, 2015, the court sustained Appellee's preliminary objections and dismissed Appellant's complaint with prejudice. With the aid of counsel, Appellant filed a timely notice of appeal.

Appellant raises three issues for our review:

WHETHER THE TRIAL COURT ABUSED ITS DISCRETION BY DISMISSING [APPELLANT'S] COMPLAINT WITH PREJUDICE UPON GRANTING [APPELLEE'S] PRELIMINARY OBJECTIONS.

WHETHER THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO PROVIDE [APPELLANT] LEAVE TO AMEND HIS PLEADING AND CURE ANY DEFECT(S).

WHETHER THIS COURT SHOULD VACATE THE LOWER COURT'S ORDER AND REMAND FOR FURTHER PROCEEDINGS THEREBY PERMITTING [APPELLANT] THE OPPORTUNITY TO FILE AN AMENDED PLEADING.

Appellant's Brief, at 10.

For purposes of disposition, we address Appellant's issues together. Appellant argues the court should have given Appellant the opportunity to amend his complaint because Pennsylvania law imposes a positive duty on courts to allow a plaintiff the opportunity to file an amended complaint if it is evident that the pleading can be cured by amendment or if there is a "reasonable opportunity that amendment can be accomplished successfully."

_____

[2] Appellant purported to withdraw his claim that tortious interference is recognized in Pennsylvania. **See** Memorandum of Law in Opposition to Preliminary Objections of Defendant First Niagara Bank, N.A., at 8.

Appellant's Brief, at 14. Appellant emphasizes that with the assistance of counsel, Appellant could have set forth cognizable claims in his amended complaint. Appellant complains that the court's dismissal of his complaint with prejudice will limit his access to state courts in the future. Appellant concludes the court abused its discretion in dismissing the complaint with prejudice and demands the opportunity to file an amended complaint. We disagree.

The relevant scope and standard of review are as follows:

Our review of a trial court's sustaining of preliminary objections in the nature of a *demurrer* is plenary. Such preliminary objections should be sustained only if, assuming the averments of the complaint to be true, the plaintiff has failed to assert a legally cognizable cause of action. We will reverse a trial court's decision to sustain preliminary objections only if the trial court has committed an error of law or an abuse of discretion.

**Kramer v. Dunn**, 749 A.2d 984, 990 (Pa. Super. 2000) (internal citations omitted).

All material facts set forth in the complaint as well as all inferences reasonably [deducible] therefrom are admitted as true for [the purpose of this review]. The question presented by the *demurrer* is whether, on the **facts** averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a *demurrer* should be sustained, this doubt should be resolved in favor of overruling it.

**Wawa, Inc. v. Alexander J. Litwornia & Associates**, 817 A.2d 543, 544 (Pa.Super. 2003) (quoting **Price v. Brown**, 545 Pa. 216, 221, 680 A.2d 1149, 1151 (1996)) (emphasis added). Regarding a *demurrer*, this Court has held:

A *demurrer* is an assertion that a complaint does not set forth a cause of action or a claim on which relief can be granted. A *demurrer* by a defendant admits all relevant facts sufficiently pleaded in the complaint and all inferences fairly deducible

- 4 -

therefrom, but not conclusions of law or unjustified inferences. In ruling on a *demurrer*, the court may consider only such matters as arise out of the complaint itself; it cannot supply a fact missing in the complaint.

*Binswanger v. Levy*, 457 A.2d 103, 104 ([Pa.Super.] 1983) (internal citations omitted). Where the complaint fails to set forth a valid cause of action, a preliminary objection in the nature of a *demurrer* is properly sustained. *McArdle v. Tronetti*, 627 A.2d 1219, 1221 ([Pa.Super.] 1993), *appeal denied*, 537 Pa. 622, 641 A.2d 587 (1994).

*Lerner v. Lerner*, 954 A.2d 1229, 1234-35 (Pa. Super. 2008) (emphasis in original).

A complaint must comply with Rule 1019 of the Pennsylvania Rules of Civil Procedure, which states in relevant part:

**Rule 1019. Contents of Pleadings. General and  Specific Averments**

(a) The material facts on which a cause of action or defense is based shall be stated in a concise and summary form.

(b) Averments of fraud or mistake shall be averred with particularity.  Malice, intent, knowledge, and other conditions of mind may be averred generally.

\* \* \*

(f) Averments of time, place and items of special damage shall be specifically stated.

\* \* \*

(h) When any claim or defense is based upon an agreement, the pleading shall state specifically if the agreement is oral or written.

*Note:* If the agreement is in writing, it must be attached to the pleading. See subdivision (i) of this rule.

(i)   When any claim or defense is based upon a writing, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to the pleader, it is sufficient so to state, together with the reason, and to set forth the substance in writing.

Pa.R.C.P. 1019.

Rule 1019's purpose is to allow the parties to understand the claims asserted in the case. *See Krajsa v. Keypunch, Inc.*, 622 A.2d 355, 357 (Pa. Super. 1993). The plaintiff does not need to identify specific legal theories in the complaint, but he must provide essential facts to support the claim. *See id*. "Assertions of legal rights and obligations in a complaint may be construed as conclusions of law, which have no place in a pleading." *DelConte v. Stefonick*, 408 A.2d 1151, 1153 (Pa. Super. 1979) (citation omitted). Although the rules of civil procedure are meant to be liberally construed, liberal interpretation "does not entail total disregard of those rules concerning pleading." *Krajsa*, 622 A.2d at 357 (citation omitted).

Rule 1028 of the Pennsylvania Rules of Civil Procedure states, in pertinent part: "A party may file an amended pleading as of course within twenty days after service of a copy of preliminary objections. If a party has filed an amended pleading as a matter of course, the preliminary objections to the original pleading shall be deemed moot." Pa.R.C.P. 1028(c)(1). Otherwise, "[a] party, either by filed consent of the adverse party or by leave of court, may at any time … amend the pleading." Pa.R.C.P. 1033.

The trial court has broad discretion in deciding whether to allow a party to amend his pleading. *See Somerset Cmty. Hosp. v. Allan B. Mitchell & Associates, Inc.*, 685 A.2d 141, 147 (Pa. Super. 1996). We note the right to amend a pleading should not be withheld where there is a reasonable possibility that amendment can be accomplished successfully. *See Bata v. Central-Penn National Bank of Philadelphia*, 224 A.2d 174, 182 (Pa. 1966). However, the liberal practice favoring amendment of pleadings to allow full development of a party's theories and averments "does not encompass a duty in the courts to allow successive amendments when the initial pleading indicates that the claim asserted cannot be established." *Behrend v. Yellow Cab Co.*, 271 A.2d 241, 243 (Pa. 1970).

Regarding intentional misrepresentation, or fraud, a plaintiff must plead and prove the following elements: (1) there was a representation; (2) which was material to the transaction at hand; (3) that was made falsely, with knowledge of its falsity or recklessness as to whether it was true or false; (4) with intent of misleading another into relying on it; (5) there was justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance. *See Gibbs v. Ernst*, 647 A.2d 882, 889 (Pa. 1994). In other words, fraud is a misrepresentation fraudulently uttered with the intent to induce the action undertaken in reliance upon it, to the damage of its victim. *See Martin v. Hale Products, Inc.,* 699 A.2d 1283, 1288 (Pa. Super. 1997). Furthermore,

In order to protect those against whom generalized and unsupported fraud may be levied, the Pennsylvania Rules of Civil Procedure require that fraud be "averred with particularity." Pa.R.C.P. 1019(b). Thus, a party raising a claim of fraud must set forth in its pleadings specific facts to support the alleged fraud. As the Supreme Court has explained this requirement and its purpose:

Averments of fraud are meaningless epithets unless sufficient facts are set forth which will permit an inference that the claim is not without foundation or offered simply to harass the opposing party and to delay the pleader's own obligation.... The pleadings must adequately explain the nature of the claim to the opposing party so as to permit him to prepare a defense and they must be sufficient to convince the court that the averments are not merely subterfuge.

*Presbyterian Med. Ctr. v. Budd*, 832 A.2d 1066, 1072–73 (Pa. Super. 2003) (quoting *New York State Elec. and Gas Corp. v. Westinghouse Elec. Corp.,* 564 A.2d 919, 927 (Pa. Super. 1989))

The UTPCPL is Pennsylvania's consumer protection law, and it seeks to prevent "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce…." 73 P.S. § 201-3.[3] The purpose of the UTPCPL is to protect the public from unfair or deceptive business practices. *See Agliori v. Metropolitan Life Ins. Co.*, 879 A.2d 315, 318 (Pa. Super. 2005). Our Supreme Court has stated courts should liberally construe the UTPCPL in order to affect the legislative goal of consumer protection. *See Com., by Creamer v. Monumental Properties,*

_____

[3] The protections provided by the UTPCPL also apply to residential real estate transactions. *Growall v. Maietta*, 931 A.2d 667, 676 (Pa.Super. 2007).

- 8 -

***Inc.***, 329 A.2d 812, 816 (Pa. 1974). The UTPCPL provides a private right of action for anyone who "suffers any ascertainable loss of money or property" as a result of an unlawful method, act or practice. 73 P.S. § 201-9.2(a). To prevail on a claim under the UTPCPL, a plaintiff must be able to establish justifiable reliance, causation, and injury. ***See Am. Fed'n of State Cty. & Mun. Employees, Dist. Council 47 Health & Welfare Fund v. Ortho-McNeil-Janssen Pharm., Inc.***, 857 F. Supp. 2d 510, 514 (E.D. Pa. 2012).

A party is liable for pecuniary loss due to tortious interference with a contractual relationship when the party "intentionally and improperly interferes with the performance of a contract (except a contract to marry) between another and a third person by inducing or otherwise causing the third person not to perform the contract...." ***Empire Trucking Co. v. Reading Anthracite Coal Co.***, 71 A.3d 923, 932 (Pa. Super 2013) (quoting ***Walnut St. Assoc., Inc. v. Brokerage Concepts, Inc.,*** 982 A.2d 94, 98 (Pa. Super. 2009), *aff'd,* 20 A.3d 468 (Pa. 2011). The elements of the cause of action are (1) the existence of a contractual relationship between the complainant and a third party; (2) an intent on the part of the defendant to harm the plaintiff by interfering with that contractual relationship; (3) the absence of privilege or justification on the part of the defendant; and (4) the occasioning of actual damage as a result of defendant's conduct. ***See Phillips v. Selig***, 959 A.2d 420, 429 (Pa. Super. 2008).

An action to quiet title must comply with Rule 1061 of Pennsylvania's Rule of Civil Procedure, which provides in relevant part as follows:

**Rule 1061.  Conformity to Civil Action. Scope**

* * *

(b) The action [to quiet title] may be brought

(1) to compel an adverse party to commence an action of ejectment;

(2) where an action of ejectment will not lie, to determine any right, lien, title or interest in the land or determine the validity or discharge of any document, obligation or deed affecting any right, lien, title or interest in land;

(3) to compel an adverse party to file, record, cancel, surrender or satisfy of record, or admit the validity, invalidity or discharge of, any document obligation or deed affecting any right, lien, title or interest in land; or

(4) to obtain possession of land sold at a judicial or tax sale.

Pa.R.C.P. 1061(b). Thus, the purpose of an action to quiet title is to resolve conflict over interests in property. *See Nat'l Christian Conference Center v. Schulykill Tp.,* 597 A.2d 248 (Pa. Cmwlth. 1991).

Instantly, the trial court addressed each of Appellant's counts as follows:

Pennsylvania Rule of Civil Procedure 1028(a)(4) dictates that a party can object to the "legal insufficiency of a pleading." When faced with preliminary objections in the nature of a demurrer, the court must take all well-pleaded allegations set forth in the pleadings as true. However, the court need not accept as true conclusions of law or other unsupported allegations contained therein. When it is obvious that the law does not permit recovery based on these allegations, the granting of a preliminary objection in the nature of a demurrer is appropriate.

- 10 -

[In Appellee's] [p]reliminary [o]bjection[, it] demurred to [c]ounts I, II and III of [Appellant's] [c]omplaint claiming that each of the counts was barred by the gist of the action doctrine. In [c]ount [I], [Appellant] alleged "[v]iolation of Pennsylvania's [UTPCPL";] in [c]ount [II], [Appellant] alleged "[t]ortious [i]nterference[";] and in [c]ount [III], [Appellant] alleged "[i]ntentional [m]isrepresentation."

Under the gist of the action doctrine, causes of action grounded in tort stemming from a breach of contract will not be recognized unless there is some cognizable duty above and beyond that created by the contractual obligation. In determining whether the complaint sounds in breach of contract or in tort, the critical distinction is that "the former arises out of 'breaches of duties imposed by mutual consensus agreements between particular individuals,' while the latter arises out of 'breaches of duties imposed by law as a matter of social policy.'"

Here the gravamen of [Appellant's] complaint is that [Appellee] failed to uphold certain contractually mandated duties as [Appellant's] loan servicer. [Appellant] claims that he is being assessed "legal fees and costs...which are inflated, unsupported by competent evidence, and unreasonable." He also asserts [Appellee's] "refusal to identify the [l]ender with evidence of ownership" [is] a form of tortious interference. Additionally, he claims the intentional misrepresentation of the legal fees assessed by the [Appellee] [is] in regard to "[Appellant's] right to know the owner of the debt." All of these tortious allegations arise solely from the agreement of the parties as a part of the mortgage, and as such, they are barred by the gist of the action doctrine.

Assuming *arguendo* that [Appellant's] claims are not barred by the gist of the action doctrine, [Appellant's] [c]ounts I [through] III fail on an additional basis. That is, [Appellant] failed to adequately plead damages in [c]ount I, [c]ount II, or [c]ount III. Pennsylvania's [UTPCPL] explicitly requires "actual damages" in order for a [p]laintiff to recover. Further, Pennsylvania has adopted the Restatement's definition of intentional interference, which requires that "harm must actually result." Lastly, claims for intentional misrepresentation require that an actual injury occur.

[Appellant] makes no allegations of recoverable injury in [c]ounts I [through] III. His sole request in each of these counts is for "damages to be proven at trial." Moreover, even taking [Appellant's] nebulous claims that he is unable to identify the "owner" of his loan to his liking, or that, he has been assessed legal fees and costs as true, such claims do not produce recoverable harm. Thus, the court appropriately granted [Appellee's] demurrer to [c]ounts I, II, and III on this additional basis.

Assuming *arguendo* that the above two bas[e]s [are] insufficient to dismiss [c]ount [III] of [Appellant's] [c]omplaint, the court properly dismissed the [t]ortious [i]nterference claim for failing to plead interference with a third party. Pennsylvania law recognizes the Restatement of Torts' claim for interference with a contractual relationship between third parties and a [p]laintiff.

The facts that comprise [Appellant's] second cause of action for "[t]ortious [i]nterference" deal exclusively with the agreement formed between himself and [Appellee]. No third party is alleged. The crux of this count appears to be that [Appellant] believed that [Appellee] was intentionally refusing to disclose who the "owner" of the mortgage was. [Appellant] then goes on to allege that [Appellee] assessed legal fees and additional costs to him as a result of this intentional act. Even assuming all of these allegations to be true, they pertain solely to the contractual relationship between the two parties to this action. [Appellant] has alleged no material facts that would substantiate a proper claim for intentional interference with the contractual relations of a third party as required by Pennsylvania law.

The court likewise, *arguendo*, had an additional basis to grant [Appellee's] demurrer to [c]ount III, [i]ntentional [m]isrepresentation, for failing to plead fraud with specificity. In Pennsylvania, a party may object to a pleading if it is not plead with sufficient specificity. When assessing whether a pleading is sufficiently specific the relevant question is "'whether the complaint is sufficiently clear to enable the defendant to prepare his defense,' or 'whether the plaintiff[']s complaint informs the defendant with accuracy and completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense.'" Pennsylvania Rule of Civil Procedure 1019(b) requires that any allegations of "fraud or mistake" be alleged with specificity.

- 12 -

Here, once again, [Appellant] makes bare allegations that [Appellee], as the servicers of his loan, misrepresented who the "owner of the debt" was. He avers that [Appellees] did so to "induce [Appellant] to continue making mistake payments on the debt." He also claims that this misrepresentation was made in order to assess various legal fees and other costs to [Appellant's] account, none of which [Appellant] has ever paid. However, [Appellant's] complaint fails to allege that [Appellee] intentionally withheld this information. More importantly, [Appellant] fails to point to or plead any duty on the part of [Appellee] in this regard or even allege that the fees were unwarranted. For these additional reasons, the court properly dismissed [Appellant's] count for intentional misrepresentation.

Finally, the court correctly dismissed [Appellant's] [q]uiet: [t]itle claim in [c]ount IV for failing to conform to Pennsylvania Rules of Civil Procedure 1061-1068. Pennsylvania Rules of Civil Procedure 1028(a)(2) provides that a party may object to a pleading for failure to conform to a rule of court. The rules further articulate, and [Appellant] agrees, that an action to quiet title may be instituted to "determine any right, title or interest in the land or determine the validity or discharge of any document, obligation or deed affecting any right, lien, title or interest in land."

In his complaint, [Appellant] avers that he seeks "to compel [Appellee] to file, record, cancel, surrender or satisfy of record, or admit the validity, invalidity or discharge of, any document, obligation or deed affecting any right, lien, title or interest in land" pursuant to Pennsylvania Rule of Civil Procedure 1061(b)(3). However, [Appellant] does not contest the existence or the validity of the mortgage between himself and [Appellee] in his pleading. [Appellant's] sole contention in his complaint is that [Appellee] did not adequately advise him of who the "owner" of his debt was. [Appellant] acknowledges that "there is a Mortgage known." Indeed, [Appellant] even goes as far as to detail the manner in which the loan was initiated and "memorialized" within the state of Pennsylvania. This, in and of itself, is evidence that [Appellant] acknowledges the existence and validity of the mortgage, and as such, he cannot claim a cause of action to quiet title under Pennsylvania Roles of Civil Procedure 1061. For these reasons, the court properly disposed of the [Appellant's] count [IV of] "[q]uiet [t]itle" by granting [Appellee's] preliminary objection.

Trial Court Opinion, filed September 2, 2015, at 2-7 (internal citations and emphasis omitted). We agree with the court's decision to dismiss Appellant's complaint with prejudice.

Appellant's initial complaint indicated the claims he asserted could not be established. Appellant failed to plead the required element of injury or damages for each of his counts of intentional misrepresentation, violation of the UTPCPL, and tortious interference with a contractual relationship. Regarding Appellant's quiet title claim, we observe the purpose of the action is not frustrated here because neither Appellant's complaint nor the record indicates that there is a conflict of interest in Appellant's property requiring such an action.

We further observe Appellant made no effort to amend his complaint within twenty days after receipt of Appellee's preliminary objections. *See* Pa.R.C.P. 1028(c)(1). Appellant also failed to seek for leave to amend his complaint from the court or from Appellee at any time before this appeal. *See* Pa.R.C.P. 1033. Although the liberal practice favors the amendment of pleadings, under these circumstances Appellant is not entitled to a successive amendment. Based on the foregoing, we conclude Appellant's issues are without merit. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/30/2016