J-A28011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BRYN MAWR TRUST COMPANY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| NANCY WHITE QUINN A/K/A NANCY WHITE-QUINN | |
| Appellant | No. 2846 EDA 2015 |

Appeal from the Order Entered August 21, 2015
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2014-33377

BEFORE:  PANELLA, J., SHOGAN, J., and PLATT[*], J.

MEMORANDUM BY PANELLA, J.                **FILED MARCH 07, 2017**

Appellant, Nancy White Quinn, appeals from the order entered in the Court of Common Pleas of Montgomery County on August 21, 2015, which entered summary judgment in favor of Appellee, Bryn Mawr Trust Company ("BMTC"). We affirm.

The trial court summarized the relevant facts and procedural history as follows:

> On May 16, 2014, the Plaintiff/Appellee, [BMTC], obtained a default judgment against Defendant/Appellant [Ms. White Quinn] and Defendant Thomas A. Quinn [("Mr. Quinn")] in a mortgage foreclosure action. [Ms. White Quinn and Mr. Quinn] did not challenge the default judgment.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On September 22, 2014, counsel entered his appearance for [Mr.] Quinn in the mortgage foreclosure action, and requested a stay of the upcoming sheriff's sale. This stay was granted until October 29, 2014.

On October 29, 2014, [BMTC] was the successful bidder and purchaser at the Sheriff's Foreclosure Sale, making it owner of 11 Buckwalter Circle, Royersford, PA. On December 5, 2014, the Sheriff's Deed conveying title for 11 Buckwalter Circle to [BMTC] was recorded in the Office of the Montgomery County Recorder of Deeds in Book 5937, Page 00745.

[Ms. White Quinn and Mr. Quinn] did not challenge the Sheriff's Foreclosure Sale. However, [Ms. White Quinn] remained on the subject premises. As a result, [BMTC] filed the present ejectment action against [Ms. White Quinn]/Occupants on December 18, 2014 in the above captioned docket number.

[Ms. White Quinn] then obtained counsel to represent her and the occupants in the ejectment action. On March 24, 2015, counsel entered his appearance and answered the complaint in ejectment. The filed answer effectively admitted all of the complaint's averments.

On April 6, 2015, [BMTC] filed a Motion for Summary Judgment in [its] ejectment action. [Ms. White Quinn's] counsel answered the motion May 5, 2015. This answer likewise raised no defenses to entry of judgment.

On May 20, 2015, [Ms. White Quinn] herein retained yet a new/different attorney to represent [her] interests in the ejectment action. Counsel entered his appearance, and then filed a Motion for Leave of Court Amend Pleading to File a Response to the Complaint in Ejectment. In short, [Ms. White Quinn's] new counsel sought leave to amend [her] answer to the ejectment complaint. This new motion was consolidated for argument with the previously scheduled motion for summary judgment.

On August 20, 2015, after oral argument, review of briefs, and review of the record, the trial court denied [Ms. White Quinn's] Motion for Leave of Court Amend Pleading to File a Response to the Complaint in Ejectment, and granted [BMTC's] Motion for Summary Judgment for possession of 11 Buckwalter Circle.

[Ms. White Quinn] filed the present, timely appeal.

Trial Court Opinion, filed 1/6/16, at 1-3 (internal citations omitted).

In her first issue, Ms. White Quinn argues that both foreclosure proceedings counsel and ejectment action counsel acted incompetently in representing her interests. Ms. White Quinn avers counsel in the foreclosure proceedings failed to defend her in either action by entering objections, defenses, new matter or counterclaims, which resulted in the court entering default judgment against her. She submits ejectment action counsel performed no better by filing a response to BMTC's motion for summary judgment that argued against foreclosure rather than ejectment, the issue at hand. Ms. White Quinn asserts the trial court should liberally grant requests for leave to amend pleadings, in accordance with established precedent for doing so. Ms. White Quinn insists BMTC would not be harmed by this Court's decision to permit her to amend the pleadings. Ms. White Quinn contends the trial court erred by denying her motion for leave to amend the pleadings, and concludes this Court must reverse and grant her leave to amend. We disagree.

"A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, add a person as a party, correct the name of a party, or otherwise amend the pleading." Pa.R.C.P. 1033. The trial court has broad discretion in deciding whether to allow a party to amend his pleading. *See Somerset Cmty. Hosp. v. Allan B. Mitchell & Assoc., Inc.*, 685 A.2d 141, 147 (Pa. Super. 1996). We note the

right to amend a pleading should not be withheld where there is a reasonable possibility that amendment can be accomplished successfully. *See Bata v. Central-Penn Nat'l Bank of Phila.*, 224 A.2d 174, 182 (Pa. 1966). However, the liberal practice favoring amendment of pleadings to allow full development of a party's theories and averments "does not encompass a duty in the courts to allow successive amendments when the initial pleading indicates that the claim asserted cannot be established." *Behrend v. Yellow Cab Co.*, 271 A.2d 241, 243 (Pa. 1970).

"[T]he proper procedure for a party who wishes to contest a default judgment is to file with the trial court a petition either to strike or open the default judgment." *Estate of Considine v. Wachovia Bank*, 966 A.2d 1148, 1152 (Pa. Super. 2009). Further, "we note that an attack on a sheriff's sale usually cannot be made in a collateral proceeding[,]" such as an ejectment action. *Dime Sav. Bank, FSB v. Greene*, 813 A.2d 893, 895 (Pa. Super. 2002) (citation omitted). In an untimely petition to set aside a sheriff's sale, the petitioner must show fraud or lack of authority to make the sale. *See Mortgage Elec. Registration Sys., Inc. v. Ralich*, 982 A.2d 77, 80 (Pa. Super. 2009). *See also* Pa.R.C.P. 3132.

Rather than presenting claims she would submit in opposition to the ejectment action if permitted to amend her response, Ms. White Quinn repeatedly contends the court should have allowed her to amend in the interests of "fundamental fairness and upholding the integrity of the local legal profession more than anything else." Appellant's Brief, at 14. (Even on

appeal, Ms. White Quinn fails to plead any specific defenses or counterclaims that would, if substantiated, defeat BMTC's ejectment action.) Thus, the trial court was well within its discretion when it denied Ms. White Quinn's motion to amend the pleadings, as she failed to present, let alone prove, any defense or counterclaim to BMTC's ejectment action in her motion. **See Behrend**, 271 A.2d at 243.

To the extent Ms. White Quinn expresses an intention to reopen the underlying default judgment in her mortgage foreclosure case, a responsive pleading to an ejectment complaint is an inappropriate stage in the proceedings to raise that issue. Procedurally, to contest the default judgment, Ms. White Quinn should have filed a petition to strike or to open the default judgment. **See Estate of Considine**, 966 A.2d at 1152. Moreover, even if Ms. White Quinn raised this issue in the proper pleading, she is well beyond the appropriate time for doing so. **See Ralich**, 982 A.2d at 80 (finding petition challenging sheriff's sale was untimely when filed three months after sale occurred). Consequently, Ms. White Quinn's first issue merits no relief.

In her second issue, Ms. White Quinn argues material issues of fact exist in her case, which make summary judgment inappropriate. Specifically, Ms. White Quinn contends the ejectment complaint was deficient, because BMTC failed to attach a "complete" abstract of title in compliance with Pa.R.Civ.P. 1054.

We review a challenge to the entry of summary judgment as follows:

[We] may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.

In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. *See* Pa.R.C.P., Rule 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the nonmoving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will review the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*E.R. Linde Constr. Corp. v. Goodwin*, 68 A.3d 346, 349 (Pa. Super. 2013) (citation omitted).

Arguments not raised initially before the trial court in opposition to summary judgment cannot be raised for the first time on appeal. *See*, *e.g.*, *Harber Phila. Center City Office Ltd. v. LPCI Ltd. P'ship*, 764 A.2d 1100, 1105 (Pa. Super. 2000). This Court has noted that "under Rule 1035.3, the non-moving party must respond to a motion for summary judgment, [and] he or she bears the same responsibility as in any proceeding, to raise all defenses or grounds for relief at the first opportunity." *Devine v. Hutt*, 863 A.2d 1160, 1169 (Pa. Super. 2004) (citations omitted). "A party who fails to raise such defenses or grounds for relief may not assert that the trial court erred in failing to address them."

- 6 -

*Id*. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a).

Instantly, Ms. White Quinn concedes her response to the ejectment complaint failed to include this argument, but claims she raised it during oral argument on BMTC's motion for summary judgment. In its opinion, the trial court disputes Ms. White Quinn's contention that she presented this issue at oral argument. The certified record does not include a transcript of the argument for our review. However, in the interests of judicial economy, we will not delay the disposition of this appeal to await the transcript.[1] Regardless of whether she raised this claim at the hearing, and notwithstanding her admitted failure to preserve this argument as an objection or defense in her response to BMTC's ejectment complaint, the argument is without merit.

Rule 1054 dictates, "A party shall set forth in the complaint or answer an abstract of the title upon which the party relies at least from common source of the adverse titles of the parties." Pa.R.Civ.P. 1054(b). Ms. White Quinn insists this provision requires BMTC to attach a "complete and accurate abstract of title." Appellant's Brief at 22.

BMTC's ejectment complaint describes the property and location, and

---

[1] Counsel for Ms. White Quinn requested "necessary transcripts" when he submitted the notice of appeal; however, the certified record does not contain a transcript of the oral argument the court held on both motions on August 20, 2015.

includes a copy of the recording by the Montgomery County Recorder of Deeds on November 28, 2001, in Deed Book Vol. 5937, page 00745. *See* Complaint in Ejectment, at ¶ 3. Paragraph 4 avers BMTC acquired title to the property at a Montgomery County Sheriff Sale on October 29, 2014. *See id*., at ¶ 4. Paragraph 5 references the underlying judgment entered in favor of BMTC against Ms. White Quinn and Mr. Quinn, and cites to Montgomery County Court of Common Pleas Docket Number 14-07281. *See id*., at ¶ 5. BMTC's motion for summary judgment also includes a copy of the sheriff's deed from the sale.

Based on the foregoing, BMTC has sufficiently set forth an abstract of title. *See Hallman v. Turns*, 482 A.2d 1284, 1287-88 (Pa. Super. 1984) (describing plaintiff's burden in ejectment action to establish title to property). Ms. White Quinn failed to set forth any evidence whatsoever to refute BMTC's *prima facie* showing of ownership of the property. Thus, her Rule 1054 challenge to BMTC's abstract of title is meritless. Accordingly, we find the trial court did not err as a matter of law in granting summary judgment to BMTC.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/7/2017